JACK WILLIAMS,

        Petitioner,

        v.                                       Case No. 07-C-0120

GREG GRAM,

        Respondent.

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

On January 31, 2007,[1] Jack Williams, filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the United States Constitution. The petition asserts the following grounds for relief: 1) erroneous jury instruction, 2) ineffective assistance of counsel, 3) newly discovered evidence of mental defect which entitles Williams to a new trial, and 4) failure of the State to provide a full and fair trial of the issues. (Mem. in Supp. of Pet. for Writ of Habeas Corpus at -iii-.) The petition further states that on December 6, 1993, Williams was convicted by a jury in Milwaukee County Circuit Court of one count of first degree intentional homicide, while armed. (Pet. 2.)

        In the Rule 4 screening order dated April 10, 2007, this court indicated that the petition appeared to be untimely filed. Therefore, pursuant to the directive of the United States Supreme Court in *Day v. McDonough*, 547 U.S. 198, 210 (2006), the parties

---

[1] The court uses the date that Williams signed his habeas petition as the filing date pursuant to the holding in *Jones v. Bertrand*, 171 F.3d 499, 500-02 (7th Cir. 1999) (adopting the *Houston* mailbox rule for prisoners filing pro se habeas petitions, and holding that for statute of limitations purposes, a petition is deemed filed when given to the proper prison authorities, not when it is received by the district court clerk).

were directed to brief the timeliness issue to allow Williams to make an argument for equitable tolling. After considering the brief submitted by the parties, this court finds that Williams' petition was not filed timely and that this case should be dismissed.

The State acknowledges that WIlliams' conviction became final after AEDPA's April 24, 1996, enactment. (Resp't. Br. on Timeliness at 4.) It states that Williams' conviction was final on February 18, 1997. (*Id.*) Therefore, Williams had to institute this habeas proceeding by February 19, 1998, unless he was subject to one the tolling provisions. Unfortunately for Williams, he was not.

In the case at bar, there was no state created impediment, nor has Williams made any claim based on a newly recognized constitutional right. Although Williams asserts a claim regarding newly discovered evidence, he states "that this evidence was clearly within counsel [sic] knowledge before trial." (Mem. in Supp. of Pet. for Writ of Habeas Corpus at 7.) Further, Williams did not file a proper[2] state post-conviction motion or other collateral proceeding until nearly a year after his conviction became final. Lastly, Williams' April 4, 1997, habeas petition[3] does not toll the limitations period because only an "application for State post-conviction or other collateral review" can toll the running of the limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2000).

In light of the foregoing determinations, only equitable tolling may save Williams' tardy filing. For this to apply and toll the limitations period for filing a habeas petition, Williams must establish: 1) he has been pursuing his rights diligently and 2) some

---

[2] The court assumes that Williams' initial post-conviction motion was properly filed, having heard no argument that it was improperly filed from the State.

[3] Williams voluntarily dismissed the action on June 2, 1997. *See* Mem. in Supp. of Pet. for Writ of Habeas Corpus at -i-.

2

extraordinary circumstance beyond his control made it impossible for him to pursue his petition within the limitation period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Taliani v. Chrans*, 189 F.3d 597, 597-98 (7th Cir. 1999).

Williams claims that because he had to become his own lawyer and learn the applicable law, the doctrine of equitable tolling is applicable to his case. However, "[m]istakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling." *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006). *See also Williams v. Sims,* 390 F.3d 958, 963 (7th Cir. 2004)*; Montenegro v. United States*, 248 F.3d 585, 594 (7th Cir. 2001). Even if Williams' claims regarding his appellate counsel are true, under normal circumstances like those in this case, ineffective assistance of counsel is not a valid basis for equitable tolling. *See Taliani*, 189 F.3d at 598.

Furthermore, inasmuch as Williams may appear to be claiming ignorance of the issues, the court notes that he raised the same issues in the state habeas proceeding and post-conviction motions he brought in 1995 and 2006, respectively. Williams states that the Wisconsin Court of Appeals questioned why his appellate counsel's arguments were underdeveloped. Therefore, even if Williams was ignorant of the law applicable to the issues raised in the pending petition, he could have initiated this action without delay or difficulty. *See Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Therefore, in the absence of facts supporting the application of the doctrine of equitable tolling, the court must conclude that it may not excuse the untimely filing of Williams' habeas petition. Thus,

IT IS ORDERED that Williams' petition for writ of habeas corpus is DENIED.

3

Case 2:07-cv-00120-CNC   Filed 08/22/07   Page 3 of 4   Document 19

IT IS FURTHER ORDERED that this case is DISMISSED.

Dated at Milwaukee, Wisconsin, this 22nd day of August, 2007.

                                                  BY THE COURT

                                                  s/ C. N. CLEVERT, JR.
                                                  C. N. CLEVERT, JR.
                                                  U. S. DISTRICT JUDGE